Alfredo ESPINDOLA–RAMIREZ, AKA
Ruben Espindola–Ramirez,
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–72376.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 2, 2016.

Andreas Kischel, Esquire, Kischel Law Firm, Bellevue, WA, for Petitioner.

Joanna L. Watson, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Alfredo Espindola–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order of removal. We review de novo constitutional claims. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Espindola–Ramirez failed to show the requisite exceptional and extremely unusual hardship to his qualifying relatives. *See id.* at 930.

Espindola–Ramirez's contentions that the agency violated due process by failing to consider family separation and danger in Mexico in its hardship analysis, selectively reviewing the record, disregarding evidence, and exhibiting bias are unsupported by the record. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010) (The agency "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)). Accordingly, Espindola–Ramirez's petition fails to state a colorable due process claim that would invoke our jurisdiction. *Martinez–Rosas,* 424 F.3d at 930 ("[t]o be colorable ... the claim must have some possible validity").

**PETITION FOR REVIEW DISMISSED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.